# Morgan Lewis

**Kenneth I. Schacter**
Partner
+1.212.309.6865
kenneth.schacter@morganlewis.com

April 20, 2020

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 4/21/2020

<u>VIA ECF</u>

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re:  *Mexico Infrastructure Finance, LLC v. Corp. of Hamilton et al.,* No. 17-cv-6424-VSB

Dear Judge Broderick:

We represent defendant Corporation of Hamilton ("Hamilton") in the above-referenced action.  On March 18, 2020, counsel for plaintiff, writing on behalf of all parties, requested permission to file a proposed revised Case Management Plan and Scheduling Order by April 20, 2020, in light of the COVID-19 pandemic.  The Court endorsed that proposal by order dated March 19, 2020.

We write on behalf of Hamilton and defendant The Bank of New York Mellon ("BNY Mellon") to request an additional 30 days, until May 20, 2020, to submit that proposed revised Case Management Plan and Scheduling Order, or otherwise to update the Court.

By way of background, Plaintiff Mexico Infrastructure Finance, LLC ("MIF") first sent defendants proposed document production specifications in January of this year. Upon receipt, both defendants began the process of identifying, collecting, and processing documents for review and subsequent production.  In early March 2020, the parties had a telephonic meet and confer to discuss document production as well as the timing and location of depositions, many of which would be taken overseas.  Those plans for document production and depositions were derailed by the COVID-19 pandemic, which, as the Court is well aware, has had a massive impact on individuals, businesses and governments across the globe.

When, on March 19, the Court granted the parties' joint request for more time to submit a revised case management plan, all parties to this matter had hoped that, by now, we would have more certainty regarding the impact of the COVID-19 pandemic on our clients and their ability to engage in and complete discovery, but that is not the case.  The entire country of Bermuda is now subject to a nationwide shelter in place order that was recently extended into May, and we do not know when Bermuda will re-open so that Hamilton personnel and our discovery vendor

can continue the process of collecting relevant data. Defendant BNY Mellon is facing similar issues given that Governor Cuomo has now extended the lockdown in New York until at least May 15. BNY Mellon's physical locations – access to which is needed to make and complete document production – are subject to mandatory closure orders, thus precluding commitment to specific deadlines. Other aspects of the discovery schedule are also significantly impacted by the pandemic. For example, as noted above, most of the potential deponents in this case are located overseas, and none of us knows when international travel will be safe and feasible.

Defendants thus make this request to revisit the Case Management Plan, or otherwise update the Court, in 30 days because they cannot reasonably commit to dates required by a Case Management Plan while access to their work locations is barred by governmental orders to shelter in place, with no anticipated end date.

So while defendants understand and sympathize with plaintiff's desire for discovery to proceed, there is literally nothing defendants can do to expedite the discovery process given limitations imposed by a global pandemic. And it would be irresponsible and unfair to all parties, and the Court, to commit to document production and other deadlines before it is known whether such deadlines can be met.

Plaintiff does not object to defendants' request for this extension of time, and asked that we include plaintiff's position in this letter: Plaintiff is of course sympathetic to the hardships faced as a result of the COVID-19 pandemic, and on that basis, consents to defendants' request for additional time to agree to a document production schedule and to submit a proposed revised Case Management Plan and Scheduling Order. However, plaintiff disagrees with defendants' description of the parties' discovery efforts stated above and will spare the Court the history at this time, but notes that plaintiff has been attempting to negotiate a schedule for the production of documents for months -- long before COVID-19 reached pandemic status -- and has advised defendants that it will not consent to an open-ended, unlimited extension of time to commit to a schedule to produce documents.

Thank you for your attention to this matter.

Respectfully,

*/s/ Kenneth I. Schacter*

Kenneth I. Schacter

cc: All counsel of record (via ECF)

DB1/ 113595824.1