**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MEXICO INFRASTRUCTURE FINANCE, LLC,

Plaintiff,

-against-

THE CORPORATION OF HAMILTON and
THE BANK OF NEW YORK MELLON,

Defendants.

---

No. 17-cv-06424 (VSB)

**STIPULATION AND [~~PROPOSED~~] ORDER**
**GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIAL**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Rule 502 of the Federal Rules

of Evidence, and Rule 5(B) of the Court's Individual Practices,

**IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff Mexico

Infrastructure Finance, LLC ("MIF"), Defendant Corporation of Hamilton ("Hamilton"), and

Defendant The Bank of New York Mellon ("BNY Mellon") (each of whom individually is referred

to herein as a "Party," and collectively, the "Parties"), by and through their undersigned counsel, as

follows:

1.      Any Party may designate any documents, electronically stored information or other

information produced by such Party in connection with discovery in this litigation (collectively,

"Discovery Material"), as "Confidential" (referred to as "Confidential Material" herein) if, in good

faith, the Party producing the Discovery Material (the "Producing Party") believes (a) the material

contains information that would harm a Party or third party's protected privacy, proprietary, or

financial interests; (b) the material contains personal non-public information, including but not limited

to financial account numbers, about the Parties' customers or others who are not parties to this action;

or (c) the material contains (i) a Party's proprietary and confidential government, business or financial

information or trade secret information, or (ii) information about a Party's information technology systems or databases, including information that a Party reasonably believes could provide information helpful to bad actors who would want to attempt to compromise the security of those systems or databases.

2.      The designation of Discovery Material as "Confidential" for the purposes of this Stipulation and Order may only be made by the Producing Party and shall be made in the following manner: (a) in the case of deposition or other pretrial testimony, the Producing Party shall either (i) make a statement on the record at the time of the disclosure; or (ii) send within a reasonable period of time a written notice to counsel for all Parties to this litigation indicating the portions of the testimony to which the Confidential designation applies; and in both of the foregoing instances, the Producing Party shall direct the court reporter to affix the legend "Confidential" to the first page and all designated portions of the transcript, including all copies thereof; (b) in the case of interrogatory responses, the Producing Party shall (i) state in the main body of responses that the interrogatory at issue requests Confidential information, (ii) set forth the response to the interrogatory at issue in an addendum attached to the main body of responses and (iii) affix the legend "Confidential" to each page of that addendum; (c) in the case of Discovery Materials produced on CD, DVD or other electronic storage medium, the Producing Party shall affix the legend "Confidential" to such electronic storage medium and each page or unit of material; and (d) in the case of Discovery Materials produced in hard copy, the Producing Party shall affix the legend "Confidential" to each page so designated.

3.      Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material may only be used in this litigation and shall not be used for any other purpose.

4.      Confidential Material may be disclosed, only in accordance with the provisions of this Stipulation and Order, and only to:

a.   the Court and Court personnel, as appropriate;

b.   counsel for the Parties, including in-house and outside counsel, legal assistants and other staff;

c.   witnesses, deponents or persons whom a Party's counsel believes in good faith may be deponents or trial fact witnesses, and their counsel;

d.   each Party and its employees, officers, directors, representatives, members, insurers and/or insureds, and affiliates; provided that such persons are assisting the Party with, or otherwise involved in, this litigation;

e.   each person identified in the Confidential Material as an author or intended recipient (including by copy) thereof in whole or in part, or person to whom counsel reasonably and in good faith believe that the original or a copy of such Confidential Material was sent or otherwise made available prior to this litigation;

f.   Court reporters or videographers, professional jury or trial consultants, mock jurors, and professional vendors, employed in connection with this litigation;

g.   any mediator(s) or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

h.   experts, including necessary staff, retained by a Party or its counsel in connection with this litigation; and

i.   any other person only upon order of the Court or with the written agreement of the Producing Party.

5.      Every person given access to Confidential Material, information derived therefrom

or any other documents or materials reflecting or disclosing any Confidential Material shall be advised that it is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed by any person other than pursuant to the terms hereof.  All persons listed in Paragraph 4 subsections (c) and (f)-(i) to whom a Party provides access to Confidential Material, information derived therefrom or any other documents or materials reflecting or disclosing any Confidential Material, shall execute a copy of the certification attached hereto as Exhibit A before such access is provided and be advised that he or she will be subject to the Stipulation and Order.

6.      Confidential Materials shall, if filed with or presented to the Court, be filed under seal in accordance with Paragraph 7, unless otherwise ordered by the Court.

7.      Confidential Materials or documents containing or reflecting any such confidential information shall be filed in redacted form or under seal in accordance with Rule 5(B) of the Court's Individual Practices.  Unless otherwise ordered, a Party seeking to file another Party's confidential information shall so advise such other Party seven (7) business days in advance, specifying the precise portion of the information the filing Party seeks to use, the general purpose thereof and any redactions to which the Party does not object.  Within three (3) business days thereafter, the Party whose confidential information is sought to be used may make an application to seal in accordance with the first sentence of this paragraph, indicating the portion or portions of the information it seeks to have sealed.  Nothing herein is intended to alter or modify the applicability of Rule 5.2 of the Federal Rules of Civil Procedure to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

8.      Any Party may challenge, at any time, the designation of material as "Confidential" by motion to the Court pursuant to the procedures outlined in this Paragraph.  Prior to making any such motion, the Party seeking to challenge such a designation shall contact the Producing Party in a

good faith effort to resolve the dispute.  In the absence of an agreement among the Parties, the challenging Party may file its motion seven (7) business days after sending written notice of a challenge to a Confidential designation.  The Producing Party has the burden to show good cause for the Confidential designation.  Should any such motion be filed, the motion shall be filed with the Court under seal.  Until otherwise ordered by the Court, such material shall remain Confidential.

9.      Any person receiving Confidential Material shall exercise reasonable care to prevent any disclosure of such Confidential Material other than pursuant to the provisions of this Stipulation and Order.  The Producing Party's rights and remedies with respect to any disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order are hereby reserved.

10.      Confidential Material which is disclosed in contravention of the provisions of this Stipulation and Order (through inadvertence or otherwise) shall continue to be protected by the provisions hereof.  Upon learning of the disclosure of Confidential Material in contravention of the provisions of this Stipulation and Order, the person that made the disclosure promptly shall: (i) give written notice of the disclosure to the Producing Party, which notice shall include a specific description of the improperly disclosed Confidential Material; (ii) give written notice to the recipient of the improperly disclosed Confidential Material (the "Improper Recipient"); (iii) provide the Improper Recipient with a copy of this Stipulation and Order and request that the Improper Recipient sign a copy of the certification attached hereto; (iv) give written notice of the Improper Recipient's response to the Producing Party; (v) make reasonable good faith efforts to retrieve the improperly disclosed Confidential Material and all copies thereof (including summaries, excerpts, notes and any other information derived therefrom); and (vi) give written notice to the Producing Party of the result of such efforts. The Producing Party's rights and

remedies with respect to any such improper disclosure are hereby reserved.

11.     If any person (the "Recipient") having received Confidential Material: (a) is subpoenaed in another action, (b) is served with a discovery demand in another action, (c) is served with any other legal process by a non-party to this litigation, or (d) otherwise receives a request from a non-party to this litigation, seeking Confidential Material, the Recipient shall, unless prohibited by law, give actual written notice, by hand, electronic mail or facsimile transmission, within three (3) business days of receipt of such subpoena, demand, legal process or request, to the Producing Party's counsel, who may seek a protective order precluding disclosure. Should the person seeking access to the Confidential Material take any action against the Recipient to enforce such subpoena, demand, other legal process or request, the Recipient shall respond by setting forth the existence of this Stipulation and Order. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Stipulation and Order to challenge or appeal any order requiring production of Confidential Material, to become subject to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

12.     This Stipulation and Order has no effect upon, and shall not apply to, the Producing Party's use of its own Confidential Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure, by a Party, of any document, material or information designated as "Confidential" that was obtained lawfully by such Party independently of the discovery proceedings in this litigation. The burden shall be on the Party asserting that the document, material or information was obtained independently to establish that fact.

13.     Inadvertent or unintentional disclosure of information subject to the attorney-client privilege, governmental privilege, work-product doctrine or any other applicable privilege or immunity ("Privileged Material") shall not be deemed a waiver in whole or in part of the privilege or

work-product or other applicable immunity, either as to the specific information disclosed or as to the same or related subject matter. If a Party has produced Discovery Material that it subsequently claims is Privileged Material, the receiving party (the "Party Receiving Privileged Material"), upon written request (that shall provide a good faith explanation of the basis for the privilege claim or claim of immunity), shall promptly return it, including all copies, and promptly destroy any notes concerning it. If the Party Receiving Privileged Material wants to challenge the claim of inadvertent or unintentional production or the claim of privilege or immunity from disclosure, it must first return the material, then confer and provide written notice to the Producing Party identifying with particularity the reasons for the challenge. If the Parties cannot resolve the dispute within a reasonable time, the Party Receiving Privileged Material may move the Court for an appropriate order. The disputed material shall be treated as privileged until a ruling on such motion or other resolution of the dispute.

14.     Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation and Order.

15.     This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designations of confidentiality as inappropriate under applicable law.

16.     This Stipulation and Order shall continue to be binding after the conclusion of the litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a Recipient may seek the permission of the Producing Party or further order of this Court with respect to dissolution or modification of this Stipulation. The provisions of this Stipulation and Order shall, absent prior written consent of

the Parties or further Order of this Court, continue to be binding after the conclusion of this action.

17.     Within 30 calendar days after receiving notice of the entry of an order, judgment or decree finally disposing of this litigation, including all appeals, all persons having received Confidential Material shall, upon request of the Producing Party, make a good faith, commercially reasonable effort to either: (a) return such Confidential Material and copies thereof (including summaries and excerpts) to counsel for the Producing Party; or (b) destroy such Confidential Material and certify that fact to the Producing Party.  Outside counsel for the Parties to this litigation shall be entitled to retain court papers, deposition and trial transcripts and attorney work product (including work product containing or incorporating Confidential Material), provided that such outside counsel, and employees of such outside counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work product to any person except pursuant to court order or agreement with the Producing Party.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

18.     This Stipulation and Order may be altered or modified only by written agreement among the Parties or by order of the Court upon motion by any Party.  A Party seeking to modify, extend or terminate shall notify the Parties' counsels, and counsel shall meet and confer concerning the proposed modification, extension or termination within ten (10) business days of any request for same.  The Parties may modify, extend or terminate this Confidentiality Agreement without leave of Court. However, if a Party's request is not agreed to during the meet and confer, or within any such extended period as agreed to by the Parties, the Party seeking such modification, extension or termination shall within ten (10) business days of the expiration of the meet and confer period, as extended if applicable, file a motion with the Court to resolve the dispute.

19.     Any Party seeking different or additional protection other than as provided herein

shall without delay produce all responsive documents subject to this Confidentiality Agreement and thereafter promptly file a motion seeking such additional protection, if the Parties cannot reach an agreement as to the different or additional protection sought, under the same procedure provided for under Paragraph 18, above.   Until such motion is resolved by the Court, the documents produced pursuant to this Paragraph shall be made available only to the Recipient(s) or attorneys, unless the Court permits otherwise.

      20.   This Stipulation and Order may be executed in counterparts which together shall constitute one document.

*     *     *

Dated:  October 15, 2020

| | |
|---|---|
| **GANFER SHORE LEEDS & ZAUDERER LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
| Mark C. Zauderer | Kenneth I. Schacter |
| Craig S. Kesch | Simon Chang |
| Grant A. Shehigian | Elizabeth Buechner |
| 360 Lexington Avenue | 101 Park Avenue |
| New York, NY 10017 | New York, NY 10178 |
| (212) 922-9250 | (212) 309-6000 |
| mzauderer@ganfershore.com | kenneth.schacter@morganlewis.com |
| ckesch@ganfershore.com | simon.chang@morganlewis.com |
| gshehigian@ganfershore.com | elizabeth.buechner@morganlewis.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| *Mexico Infrastructure Finance, LLC* | *Corporation of Hamilton* |

REED SMITH LLP

Casey D. Laffey
Lonnie E. Klein
Tsedey A. Bogale
599 Lexington Avenue
New York, NY 10022
(212) 521-5400
claffey@reedsmith.com
lklein@reedsmith.com
tbogale@reedsmith.com

*Attorneys for Defendant*
*The Bank of New York Mellon*

**SO ORDERED**

Vernon S. Broderick   10/16/2020
United States District Judge

**EXHIBIT A**

**Certification and Agreement To Be Bound By**
**Stipulation and Order Governing Confidentiality of Discovery Material**

I have been informed that on _____, 2020, the U.S. District Court for the Southern District of New York entered the attached Stipulation and Order Governing Confidentiality of Discovery Material in the litigation captioned *Mexico Infrastructure Finance, LLC v. The Corporation of Hamilton et al.*, No. 17-cv-06424 (VSB) (S.D.N.Y.).

I have read the Stipulation and Order, I agree to abide by the obligations of the Stipulation and Order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of any proceeding related to the Stipulation and Order.  I understand that violation of the Stipulation and Order is punishable by contempt of Court.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

Dated: _____