```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :    17cv6424 (DLC)
MEXICO INFRASTRUCTURE FINANCE, LLC,   :
                                      :    MEMORANDUM OPINION
                          Plaintiff,  :       AND ORDER
              -v-                     :
                                      :
THE CORPORATION OF HAMILTON, et al.,  :
                                      :
                          Defendants. :
                                      :
------------------------------------- X
```

DENISE COTE, District Judge:

On June 28, 2023, a bench trial was held in this action. On July 5, this Court ruled that defendant The Corporation of Hamilton ("Hamilton") is liable to plaintiff Mexico Infrastructure Finance, LLC ("MIF") for Hamilton's breach of the escrow agreement that governed the disbursement of MIF's bridge loan funds (the "Escrow Agreement"). Mexico Infrastructure Finance, LLC v. Corp. of Hamilton et al., No. 17cv6424, 2023 WL 4348546, at *26 (S.D.N.Y. July 5, 2023). In a letter dated September 18, MIF asked this Court to determine that it is entitled to recover $13,749,858 plus interest from Hamilton. This is the amount that was improperly released from escrow due to Hamilton's wrongdoing. Id. at **8, 10. For the following reasons, MIF is awarded damages in the amount of $12,549,216.60.

In letters dated from September 18 to October 4, the parties dispute the damages owed to MIF. The parties agree that

prejudgment interest, at a rate of 9%, commencing on December 30, 2014, is due on any award. Hamilton argues that the amount requested by MIF should be reduced by approximately $1.8 million.

"[A] plaintiff may not, as a matter of law, recover twice for the same injuries." Motorola Credit Corp. v. Uzan, 561 F.3d 123, 129 (2d Cir. 2009). "When a plaintiff receives a payment from one source for an injury, defendants are entitled to a credit of that amount against any judgment obtained by the plaintiff as long as both payments represent common damages." Phelan v. Local 305 of United Ass'n of Journeymen, 973 F.2d 1050, 1063 (2d. Cir. 1992).

The $1.8 million in dispute consists of three separate amounts. Each of these amounts was generated by proceedings in Bermuda, which MIF pursued to recover damages related to the breach of the Escrow Agreement. Each of the three payments is described below.

First, MIF recovered $1,049,920.40 from Par-la-Ville Hotel and Residences Ltd.("PLV"). PLV is the private development company that secured funding from MIF and a lease of Hamilton's property for a development project. Mexico Infrastructure Finance, LLC, 2023 WL 4348546, at *1. MIF recovered this amount

2

by garnishing an attorney account which held funds for PLV. This account included funds retained from the final drawdown of MIF's loan to Hamilton and funds received back from Argyle Ltd. ("Argyle"). Argyle is the entity with which PLV formed a permanent financing arrangement. Id. at *8. MIF argues that an award of $13.7 million will not make it whole, and therefore, its receipt of this amount should not reduce the judgment in this action. This argument fails. Through this action, MIF has only shown an entitlement to an award of $13.7 million from Hamilton.

Second, MIF recovered $575,000 from Argyle's estate. Liquidators utilized the entire amount, however, to cover fees and expenses that were incurred to recover the amount. MIF argues that this sum does not count in its recovery against Hamilton because there was no net amount left for MIF. It is correct.

Third, MIF recovered $261,080 from the Receivers of the car park located on the mortgaged property between May 2015 and October 2016. But MIF returned $110,379 in fees and expenses owed to the Receivers, leaving $150,701 in net recovery for MIF. MIF argues that the total sum of $261,080 does not constitute recovery from Hamilton's breaches of the Escrow Agreement. It

3

is correct. Its judgment against Hamilton will be reduced by $150,701.

Through the proceedings in Bermuda, MIF has effectively recovered $1,200,621.40. These funds are sufficiently tethered to Hamilton's breach of the Escrow Agreement to warrant their deduction from the damages awarded to MIF. Therefore, MIF cannot again recover these funds for a second time through this action.

Based on the foregoing, MIF is entitled to recover a sum of $12,549,216.60 in damages from Hamilton. Additionally, MIF is entitled to recover 9% in prejudgment interest on that sum, with the interest term commencing from December 30, 2014 to the date of judgment. MIF and Hamilton shall present a proposed judgment to the Court by October 11, 2023.

Dated:   New York, New York
         October 6, 2023

_____
DENISE COTE
United States District Judge