UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
MEXICO INFRASTRUCTURE FINANCE, LLC,   :
                                      :   17cv6424 (DLC)
                          Plaintiff,  :
            -v-                       :   ORDER
                                      :
THE CORPORATION OF HAMILTON, et al.,  :
                                      :
                          Defendants. :
                                      :
------------------------------------- X

DENISE COTE, District Judge:

Following a non-jury trial, this Court issued an Opinion and Order on July 5, 2023, finding that the Corporation of Hamilton ("Hamilton") is liable to the plaintiff, Mexico Infrastructure Finance, LLC ("MIF"), for losses resulting from its breach of the parties' Escrow Agreement.  On October 11, judgment was entered against Hamilton in the amount of $22,472,724.51.  Hamilton filed a notice of appeal on October 27, but has not posted a supersedeas bond or obtained a stay of enforcement of the judgment.  The automatic 30-day stay under Fed. R. Civ. P. 62(a) expired on November 10.  On February 12, 2024, MIF filed a motion for relief pursuant to 28 U.S.C. § 1610(c).  Hamilton filed its response on February 26, and the plaintiff filed its reply on March 4.

Section 1610(c) of the Foreign Sovereign Immunities Act provides that "no attachment or execution . . . shall be

permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment." 28 U.S.C. § 1610(c). Here, over five months have passed since judgment was entered against Hamilton. To date, Hamilton has not taken any steps to satisfy the judgment. MIF has shown that a reasonable period of time has elapsed following entry of judgment such that it may seek to enforce the judgment, including through attachment of Hamilton's assets.

Hamilton argues that relief under § 1610(c) should not be granted because the plaintiff has failed to specifically identify any of Hamilton's assets that are appropriately subject to attachment and execution. Hamilton relies on <u>Walters v. Indus. and Comm. Bank of China, Ltd.</u>, in which the Second Circuit Court of Appeals held that § 1610(c) "requires a prior judicial determination that the execution is warranted under one of the § 1610(a) or (b) exceptions and with respect to specifically identified property." 651 F.3d 280, 291 (2d Cir. 2011). Reliance on <u>Walters</u> is misplaced. Neither the plain language of § 1610(c) nor <u>Walters</u> require that specific assets be identified prior to a finding that a reasonable period of time has elapsed following the entry of a judgment. Accordingly, it is

ORDERED that MIF's motion for relief pursuant to 28 U.S.C. § 1610 is granted.

Dated:  New York, New York
        March 15, 2024

```
                                    _____
                                         DENISE COTE
                                    United States District Judge
```